

THE ATTORNEY GENERAL
OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

July 29, 1975

The Honorable W. J. Estelle, Jr.
Director
Texas Department of Corrections
Huntsville, Texas 77340

Opinion No. H-652

Re:    Authority of Department
of Corrections to require
that any eligible inmate
who is receiving college
training apply for federal
veterans benefits to defray
the cost of such education.

Dear Mr. Estelle:

You advise that the Department of Corrections has voluntarily instituted a program extending free college training to eligible inmates who wish to participate. Several colleges conduct courses at the prison units and bill the Department for the tuition fees. Tuition is paid and books are provided by the Department. A number of inmates enrolled in the program receive, or are eligible to receive, G. I. Bill benefits from the federal government for attending college. You have advised the federal Veterans Administration of the situation, but such benefits continue to be paid inmates by the federal government.

At the present, such amounts received by inmates are placed in the inmate's trust fund established pursuant to article 6166y, V. T. C. S. You ask:

> Can the Texas Department of Corrections require
> that any inmate entitled to the GI Bill . . . obtain
> same [and reimburse the Department or] . . . not
> be allowed to participate in the program?

Authority does exist in some other jurisdictions for obligating the estates of prisoners to reimburse the state for the cost of keeping and maintaining them while in prison. 60 Am. Jur. 2d Penal and Correctional Institutions § 11, p. 816. However, such matters are for legislative determination. The Texas Legislature has not made the estates or incomes of

prisoners liable for the cost of their maintenance except in relation to the work-furlough program. See V.T.C.S. arts. 6203c, § 9(b)(2), 6166x-3, § 6. By expressly indicating particular circumstances in which a prisoner can be required to reimburse the state, we think the Legislature has negatived any idea that prisoners may be generally required to do so.

While it may be better policy for the Veterans Administration to pay prisoners' benefits, if at all, directly to the prison which is incurring the veteran's educational expenses, that policy question is one determined by federal authorities. See 38 U.S.C. § 1651, et seq.; 77 Am. Jur. 2d Veterans § 152, et seq.

### SUMMARY

The Texas Department of Corrections has no statutory authority to require those prisoners to whom college educational opportunities will be extended to apply for federal veterans educational benefits or to reimburse the Department of Corrections.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee